UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD KANIEWSKI,

Plaintiffs,

v. Case No. 09-CV-12159-DT

NATIONAL ACTION FINANCIAL SERVICES,

Defendant.
_______________________________________/

## ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S "MOTION FOR SUMMARY JUDGMENT AND TO DISMISS" AND SETTING DEADLINE FOR SECOND SUMMARY JUDGMENT MOTION

Pending before the court is a "Motion for Summary Judgment and to Dismiss," filed by Defendant National Action Financial Services. The matter has been fully briefed and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part the Motion and deny without prejudice in part the Motion.

## I. INTRODUCTION

Plaintiff alleges that, from December of 2008 through April of 2009, Defendant made several automated calls to Plaintiff and his co-workers attempting to collect a debt that belongs to a different debtor. (Pl.'s Resp. Br. at 1-2.) Plaintiff contacted Defendant multiple times to explain that he did not owe the debt and to ask that he be removed from Defendant's computer system. (Pl.'s Ans. to Def.'s Interrogs. # 8, Def.'s Mot. Br., Ex 1.) Plaintiff contends that the misdirected automated calls caused him to suffer "statutory, actual, emotional and financial damages." (Compl. ¶¶ 43, 52.)

Plaintiff filed his complaint in state court on May 13, 2009, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws §§ 445.251-.258, and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.915. Defendant timely removed the matter to this court based on federal question jurisdiction. The case proceeded through discovery. On November 2, 2009, Defendant filed the instant motion, arguing that Plaintiff cannot succeed on his FDCPA claims because (1) Plaintiff lacks standing to assert violations under many of the FDCPA sections because he is a "non-consumer" and (2) Plaintiff's remaining FDCPA claims fail as a matter of law because he knew that Defendant was not trying to collect a debt owed by him. (Def.'s Mot. Br. at 2.) Defendant argues that these Plaintiff's federal claims should be dismissed and his remaining state law claims should be dismissed for lack of subject matter jurisdiction.

## II. UNDISPUTED FACTS[1]

Some time before May 12, 2009, Plaintiff received automated messages at his work telephone concerning the collection of a debt. (Undisputed Fact # 1, Pl.'s Answers to Def.'s Interrogs. # 7, Def.'s Ex. 1.)

These automated messages asked for the recipient to call National Action

[1]Consistent with this court's July 2, 2009 "Scheduling Order," Defendant's opening brief included a concise Statement of Material Facts, adequately supported by citations to the factual record. Plaintiff failed to respond to Defendant's proffered facts or include his own Counter-statement of Material Facts, as provided under the court's briefing requirements. The court's "Scheduling Order states that "[a]ny proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted." (7/02/09 Order at 7.) Accordingly, the court will treat all of Defendant's proffered facts as undisputed.

concerning the collection of a debt. (Undisputed Fact # 2, Pl.'s Answers to Def.'s Interrogs. # 7, Def.'s Ex. 1.)

Plaintiff called National Action on a few occasions in response to the automated messages, explaining that he did not owe any debts and asking to be removed from the company's computer system. (Undisputed Fact # 3, Pl.'s Answers to Def.'s Interrogs. # 8, Def.'s Ex. 1.)

After trying to look up the Plaintiff in the company's computer system, National Action's employees explained that neither his name nor his given phone numbers were in the system and that they did not know why he would be receiving messages from National Action. (Undisputed Fact # 4, Pl.'s Answers to Def.'s Interrogs. # 8, Def.'s Ex. 1.)

Plaintiff stopped receiving phone calls from National Action. (Undisputed Fact # 5.)

National Action was unable to locate any record of Plaintiff's name or his work telephone numbers in its searchable computer systems. (Undisputed Fact # 6, Def.'s Answers to Pl.'s Interrogs. # 6, Def.'s Ex. 2; Labaki Aff. ¶ 5, Def.'s Ex. 3.)

National Action has a policy of removing telephone numbers from its computer systems upon a party's request. (Undisputed Fact # 7; Labaki Aff. ¶ 6, Def.'s Ex. 3.)

National Action has a policy of leaving automated telephone messages regarding collections only with debtors, not with third parties. (Undisputed Fact # 8; Labaki Aff. ¶ 7, Def.'s Ex. 3.)

If any automated messages were left at Plaintiff's work phone numbers by

National Action, such messages were sent in error and were not intended for Plaintiff, but rather for some other unidentifiable party. (Undisputed Fact # 9; Labaki Aff. ¶ 8, Def.'s Ex. 3.)

## III. STANDARD[2]

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323).

---

[2] Defendant entitles its Motion as one to both dismiss and for summary judgment. Because the Motion was filed after the close of discovery and relies on matters outside the pleadings, the court will treat the motion as one under Federal Rule of Civil Procedure 56.

The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

**IV. DISCUSSION**

In his complaint, Plaintiff asserts FDCPA claims under 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f, and 1692g. As will be discussed below, the court agrees with Defendant that Plaintiff cannot succeed on any of these claims.

**A. 15 U.S.C. §§ 1692c, 1692d, and 1692g**

Defendant first argues that Plaintiff lacks standing to assert claims under 15 U.S.C. §§ 1692c, 1692d, and 1692g, because he is not a "consumer." With respect to §§ 1692c and 1692f, the court agrees. The Sixth Circuit has expressly held that § 1692c, applying to "consumers," is more limited than other portions of the FDCPA which apply to "any person." *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003). The court stated, "As we have previously explained, 'only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c.'" *Id.* (citing *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 649 n.1 (6th Cir.1994) ( en banc )). The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Thus, the Sixth Circuit held in *Montgomery* that one who does not owe the alleged debt does not have standing to assert a claim under § 1692c. *Id.* at

697 ("[T]he Defendants are correct that [the plaintiff] lacks standing under § 1692c, as he is not a consumer for purposes of the FDCPA.").[3]

The same analysis applies to § 1692g, which imposes certain obligations on debt collectors and their communications with "consumers." *See* 15 U.S.C. § 1692g; *see also Vuaai v. Mortgage Elec. Registry Sys.*, No. 08-14190, 2009 WL 2705819, at *9 (E.D. Mich. Aug. 24, 2009) (Feikens, J.) (holding that the plaintiff lacked standing to bring a claim under § 1692g because he was not obligated to pay the relevant debt). Here, there is no dispute that Plaintiff is not obligated, or alleged to be obligated, to pay any debt. Accordingly, he lacks standing to assert claims under §§ 1692c or 1692g.

However, § 1692d does not apply to "any consumer," but rather to "any person." *See* 15 U.S.C.A. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."). Indeed, in *Montgomery* itself, the court held that § 1692d was broader than § 1692c and a plaintiff who lacks standing under § 1692c may nonetheless bring an action under § 1692d. *Montgomery*, 346 F.3d at 697 ("[T]he Defendants are mistaken to suggest that [the plaintiff] lacks standing to pursue his claims under §§ 1692d and 1692e."). Defendant appears to recognize this because, while in its initial motion it asserted that Plaintiff lacked standing under 15 U.S.C. §§ 1692c, 1692d, and

---

[3]Plaintiff attempts to avoid the implications of *Montgomery* by citing *Whatley v. Universal Collection Bureaus, Inc.,* 525 F. Supp. 1204 (N.D. Ga. 1981), in which the district court held that the FDCPA does not limit recovery for violations of § 1692c to only consumers. (*See* Pl.'s Resp. Br. at 11.) However, the court is not persuaded by the reasoning of *Whatley*, nor could the court rely on *Whatley*, a non-binding district court case which is nearly thirty years old, in light of the explicit holding of the Sixth Circuit to the contrary.

1692g (Def.'s Mot. Br. at 4), in its reply brief Defendant only so argues with respect to §§ 1692c and 1692g, (Def.'s Reply at 1-2).

Accordingly, the court concludes that Plaintiff lacks standing to bring claims under 15 U.S.C. §§ 1692c and 1692g, but that Plaintiff has standing to bring a claim under 15 U.S.C. § 1692d.

**B. 15 U.S.C. §§ 1692e and 1692f**

Defendant next argues that Plaintiff cannot succeed on his claims under 15 U.S.C. §§ 1692e and 1692f because he knew that Defendant was not trying to collect a debt owed by him.

"Congress enacted the FDCPA to eliminate 'abusive, deceptive, and unfair debt collection practices.'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting 15 U.S.C. § 1692(a)). "When interpreting the FDCPA, we begin with the language of the statute itself." *Id.* 332-33 (quoting *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999)). The Sixth Circuit has adopted the "least sophisticated consumer" standard, which is an objective test, when assessing whether a defendant made a misrepresentation in violation of the FDCPA. *Id.* at 333. The objective "least sophisticated consumer" standard "ensures 'that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *Id.* (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotation marks and citations omitted)). "[T]he standard 'also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Id.* (quoting *Kistner*, 518 F.3d at 438-39). "The least sophisticated debtor standard is 'lower

than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) (quoting *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)).

Applying this standard, one judge in this district has held that a plaintiff who knew that the defendants were not attempting to collect on a debt owed by him could not sustain an FDCPA claim under § 1692e as a matter of law. *Kujawa v. Palisades Collection, LLP*, 614 F. Supp. 2d 788 (E.D. Mich. 2008) (Cohn, J.). Defendant cites *Kujawa* for the proposition that "because Plaintiff knew that [Defendant's] communications were not directed at him, but rather at another individual, Plaintiff cannot succeed on his §§ 1692e and 1692f claims." (Def.'s Mot. Br. at 6.) As further support, Defendant also cites to *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819 (S.D. Ohio 2008) (Beckwith, C.J.). In *Hill*, the court held that held that the plaintiff failed to state a claim under § 1692f of the FDCPA where he "clearly understood" that the communications were not directed at him and "[e]ven the least sophisticated consumer would have understood" that the defendant "was not attempting to collect a debt from [the plaintiff]." *Id.* at 826.

The court agrees with the reasoning of *Hill* and *Kujawa*. There is no dispute that Plaintiff knew that Defendant was not attempting to collect a debt from him. Accordingly, Plaintiff cannot meet the "least sophisticated consumer" test as a matter of law. As Judge Cohn stated, the court "is mindful of [P]laintiff's situation. . . . However, the aggravation [P]laintiff likely suffered . . . simply does not make out a violation of the

FDCPA." *Kujawa*, 614 F. Supp. 2d at 792. The court will therefore grant Defendant's motion with respect to Plaintiff's claims under § 1692e and § 1692f.

**C. 15 U.S.C. § 1692d**

From the court's reading of the complaint, the only remaining federal claims are those asserted under 15 U.S.C. § 1692d. As stated above, in Defendant's opening brief, the only argument which Defendant made in support of its attack to the § 1692d claim was that Plaintiff lacked standing to assert such a claim. This mistaken argument appears to have been abandoned. In its reply brief, Defendant argues that Plaintiff has not set forth specific facts to support his § 1692d claim and that, additionally, the bona fide error defense precludes Plaintiff's recovery as a matter of law. Based on the record thus far presented, the court is inclined to agree. However, due to the progression of the briefs, Plaintiff has not been afforded an adequate opportunity to respond to these arguments. Additionally, it seems likely to the court that the § 1692d claims fail for the same reasons that the §§ 1692e and 1692f claims fail, that is, that Plaintiff knew Defendant was not attempting to collect any debt owed by him. Accordingly, the court will order additional briefing on this issue. To avoid docket confusion, and also to present the issue in a more organized fashion, the court will order Defendant to file a separate motion directed at this issue, rather than directing supplemental briefing on the existing motion. The court will thus deny Defendant's current motion as to the § 1692d claim without prejudice to Defendant's right to bring a second summary judgment motion on this claim.[4]

---

[4]The court will also deny without prejudice Defendant's argument as to the remaining state law claims. Because the court still has subject matter jurisdiction over

## V. CONCLUSION

IT IS ORDERED that "Motion for Summary Judgment and to Dismiss" [Dkt. # 15] is GRANTED IN PART. Specifically, it is GRANTED with respect to Plaintiff's FDCPA claims under 15 U.S.C. §§ 1692c, 1692e, 1692f, and 1692g. It is DENIED WITHOUT PREJUDICE as to all remaining issues.

IT IS FURTHER ORDERED that, should Defendant elect to pursue summary judgment on the § 1692d claim, it must file a second summary judgment motion on or before **December 29, 2009**. Plaintiff will thereafter have fourteen days from the date of filing to respond to the second motion.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 17, 2009, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-12159.KANIEWSKI.Dismiss.SJ.FailuretoStateClaim.chd.wpd

this case based on the § 1692d claim, the court will not yet decline to exercise subject matter jurisdiction of the state law claims. The court will revisit this issue again in the event Plaintiff's § 1692d claim fails and no remaining federal claims exist. The court is inclined to think, however, that because this case was removed, it is not proper to dismiss the state law claims but rather the court would remand them in the event it decided to decline supplemental jurisdiction. Defendant may address this point in its second summary judgment motion.