**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD KANIEWSKI,

    Plaintiff,

v.                                          Case No. 09-CV-12159-DT

NATIONAL ACTION FINANCIAL SERVICES,

    Defendant.
                                                    /

**ORDER GRANTING DEFENDANT'S
"SECOND MOTION FOR SUMMARY JUDGMENT"**

Pending before the court is a "Second Motion for Summary Judgment" filed by Defendant National Action Financial Services. The matter has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

In a December 17, 2009 Order, the court granted in part and denied in part without prejudice a motion filed by Defendant National Action. The basis for Plaintiff's claims were addressed in the December 17, 2009 Order:

> Plaintiff alleges that, from December of 2008 through April of 2009, Defendant made several automated calls to Plaintiff and his co-workers attempting to collect a debt that belongs to a different debtor. (Pl.'s Resp. Br. at 1-2.) Plaintiff contacted Defendant multiple times to explain that he did not owe the debt and to ask that he be removed from Defendant's computer system. (Pl.'s Ans. to Def.'s Interrogs. # 8, Def.'s Mot. Br., Ex 1.) Plaintiff contends that the misdirected automated calls caused him to suffer "statutory, actual, emotional and financial damages." (Compl. ¶¶ 43, 52.)

> Plaintiff filed his complaint in state court on May 13, 2009, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws §§ 445.251-.258, and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.915. Defendant timely removed the matter to this court based on federal question jurisdiction. The case proceeded through discovery. On November 2, 2009, Defendant filed the instant motion, arguing that Plaintiff cannot succeed on his FDCPA claims because (1) Plaintiff lacks standing to assert violations under many of the FDCPA sections because he is a "non-consumer" and (2) Plaintiff's remaining FDCPA claims fail as a matter of law because he knew that Defendant was not trying to collect a debt owed by him. (Def.'s Mot. Br. at 2.)

(12/17/09 Order at 1-2.) The Order continued by addressing the undisputed facts of the case:

> Some time before May 12, 2009, Plaintiff received automated messages at his work telephone concerning the collection of a debt. (Undisputed Fact # 1, Pl.'s Answers to Def.'s Interrogs. # 7, Def.'s Ex. 1.)
>
> These automated messages asked for the recipient to call National Action concerning the collection of a debt. (Undisputed Fact # 2, Pl.'s Answers to Def.'s Interrogs. # 7, Def.'s Ex. 1.)
>
> Plaintiff called National Action on a few occasions in response to the automated messages, explaining that he did not owe any debts and asking to be removed from the company's computer system. (Undisputed Fact # 3, Pl.'s Answers to Def.'s Interrogs. # 8, Def.'s Ex. 1.)
>
> After trying to look up the Plaintiff in the company's computer system, National Action's employees explained that neither his name nor his given phone numbers were in the system and that they did not know why he would be receiving messages from National Action. (Undisputed Fact # 4, Pl.'s Answers to Def.'s Interrogs. # 8, Def.'s Ex. 1.)
>
> Plaintiff stopped receiving phone calls from National Action. (Undisputed Fact # 5.)
>
> National Action was unable to locate any record of Plaintiff's name or his work telephone numbers in its searchable computer systems. (Undisputed Fact # 6, Def.'s Answers to Pl.'s Interrogs. # 6, Def.'s Ex. 2; Labaki Aff. ¶ 5, Def.'s Ex. 3.)

> National Action has a policy of removing telephone numbers from its computer systems upon a party's request. (Undisputed Fact # 7; Labaki Aff. ¶ 6, Def.'s Ex. 3.)
>
> National Action has a policy of leaving automated telephone messages regarding collections only with debtors, not with third parties. (Undisputed Fact # 8; Labaki Aff. ¶ 7, Def.'s Ex. 3.)
>
> If any automated messages were left at Plaintiff's work phone numbers by National Action, such messages were sent in error and were not intended for Plaintiff, but rather for some other unidentifiable party. (Undisputed Fact # 9; Labaki Aff. ¶ 8, Def.'s Ex. 3.)

*Id.* at 2-4. These facts remain undisputed.

After viewing the facts in a light most favorable to Plaintiff, the court granted Defendant's motion for summary judgment on Plaintiff's claims under 15 U.S.C. §§ 1692c, 1692g, 1692e, and 1692f. *Id.* at 10. Defendant's motion was denied without prejudice as to all remaining issues: Plaintiff's claim under 15. U.S.C. § 1692d and all state-law claims under the MCPA and the MOC. Defendant now renews its motion for summary judgment on those claims.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do

not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter,* 369 F.3d 906, 909 (2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The FDCPA prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The FDCPA lists examples of the type of conduct prohibited by the Act:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

4

>   (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency . . . .
>
>   (4) The advertisement for sale of any debt to coerce payment of the debt.
>
>   (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
>   (6) Except as provided in [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

Courts have "dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Harvey v. Great Seneca Financial Corp.,* 453 F.3d 324 (6th Cir. 2006) (citing *Jeter v. Credit Bureau,* 760 F.2d 1168, 1179 (11th Cir. 1985) (debt collector's notice did not create a "tone of intimidation" that the FDCPA proscribes)).

### III. DISCUSSION

In his complaint, Plaintiff asserts FDCPA claims under 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f, and 1692g; MCPA claims under Mich. Comp. Laws §§ 445.251-.258; and MOC claims under Mich. Comp. Laws § 339.915. As stated, the court has entered summary judgment for Defendant on four of the five FDCPA claims. As will be discussed below, the court agrees with Defendant that Plaintiff cannot succeed on the remaining claims under 15 U.S.C. § 1692d, Mich. Comp. Laws §§ 445.251-.258; or Mich. Comp. Laws § 339.915.[1]

---

[1] In its December 17, 2009 order, the court noted that it was denying Defendant's motion on the remaining state-law claims without prejudice but that it would revisit the issue after it had decided Defendant's remaining motion on Plaintiff's claim under § 1692d. (Order, 12/17/2009, at 10 n.4.) Because the court has determined that summary judgment for Defendant is appropriate with regard to Plaintiff's claim under § 1692, the court could, in its discretion, decline to exercise supplemental jurisdiction over

**A. 15 U.S.C. § 1692d**

Defendant argues that Plaintiff's claim under 15 U.S.C. § 1692d fails based on the "bona fide error" defense, 15 U.S.C. § 1692k(c), and that, alternatively, Plaintiff's claim fails because Plaintiff has failed to set for specific facts to evidence harassment, oppression, or abuse. (Def.'s Mot. Br. at 5-6.) With respect to § 1692k(c),the "bona fide error" defense, the court cannot agree. As both parties note, § 1692k(c) provides as follows:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

§ 1692k(c).

"The bona fide error defense is an affirmative defense, and therefore the burden of proof for showing a bona fide error rests on the debt collector." *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp 2d 1117, 1125 (D. Nev. 2008) (citing *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1177 (9th Cir. 2006)). Therefore, to support a motion for summary judgment, Defendant must show that, when viewing the facts in the light most favorable to Plaintiff, (1) the error was not intentional, (2) the error was bona fide, and (3) its procedures were reasonably adapted to avoid any such error. *Edwards v. McCormick*, 136 F. Supp. 2d 795, 800 (S.D. Ohio 2001).

---

the remaining state-law claims. Nevertheless, in the interest of judicial economy, the court will address the merits of Defendant's motion for summary judgment on these claims rather than remanding the claims to state court.

It is undisputed that any messages left by Defendant at Plaintiff's workplace were the result of an unintentional and bona fide error. It is also undisputed that Defendant has a policy of removing telephone numbers from its computer system upon a party's request and that Defendant could not find Plaintiff's telephone number in its database. But these *policies* to not indicate whether the *procedures* that are in place are reasonably adapted to avoid the error in question. "Mere inadvertency is not sufficient to provide a defense. Defendant has the burden of demonstrating the maintenance of such procedures." *Dutton v. Wolhar*, 809 F. Supp 1130, 1138 (D. Del. 1992) (citing *Seabrook v. Onondaga Bureau of Medical Economics, Inc.,* 705 F. Supp. 81, 87-88 (N.D.N.Y. 1989); *Carrigan v. Central Adjustment Bureau*, 494 F. Supp. 824, 827 (N.D.Ga. 1980); *see Kerwin*, 559 F. Supp 2d at 1125 (stating that the defendant "bears the burden of proof showing that it maintained such procedures"). Defendant here argues that the court should grant its motion for summary judgment because of the policies that it has in place to avoid such errors. Defendant, however, has failed to provide any evidence regarding the *procedures* that it has in place to achieve its policy goals. Thus, while Defendant's policies may be salutary, the record is insufficient to grant Defendant's motion for summary judgment on the affirmative defense of bona fide error as a matter of law.[2]

---

[2]The court recognizes that the lack of evidence regarding the circumstances surrounding Defendant's calls to Plaintiff result, at least in part, from Plaintiff's failure to provide any details with respect to the dates or times of the calls. However, the bona fide error defense is an affirmative defense, and it is Defendant's burden on summary judgment to proffer enough facts on which the court can conclude it is entitled to judgment as a matter of law. *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) ("[W]here the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to

Nevertheless, the court agrees with Defendant that the Plaintiff has failed to support a claim of harassment, oppression, or abuse under § 1692d. "The determination of whether a debt collection agency's telephone calls amount to 'actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.'" *Saltzman v. I.C. System, Inc.,* No. 09-10096, 2009 WL 3190359, at *7 (E.D. Mich. 2009) (quoting *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F. Supp.2d 492, 505 (D. Md. 2004). In *Saltzman*, the plaintiff was subjected to a minimum of twenty, possibly as many as sixty, collection calls from the defendant over the course of thirty days. The court granted the defendant's motion for summary judgment because, without more, the pattern of calls "suggested a difficulty of reaching the Plaintiff, rather than an intent to harass." *Id.* (citation omitted). As the *Saltzman* court summarized:

> [T]he courts have found, for example, that an immediate callback after the debtor has hung up or has indicated his or her unwillingness to speak to the debt collection agency may constitute improper harassment. *See Lovelace v. Stephens & Michaels Associates, Inc.*, No. 07-10956, 2007 WL 3333019, at *7 (E.D.Mich. Nov.9, 2007). In contrast, a debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages. *See Udell v. Kansas Counselors, Inc.*, 313 F.Supp.2d 1135, 1143-44 (D. Kan. 2004). Plaintiff carries the burden of establishing that Defendant's calls in this case ran afoul of § 1692d(5). *See Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D.Nev. 2008).

---

hold that no reasonable trier of fact could find other than for the moving party.") (citations and emphases omitted). Viewing the facts in a light most favorable to Plaintiff, a reasonable juror could conclude that, while policies exist aimed at preventing the types of error at issue in this case, Defendant has not conclusively shown that it implemented procedures effectuating such policies.

8

*Id.*

The facts of this case are closely comparable to those in *Saltzman*, in which the court found summary judgment appropriate where the plaintiff failed to support her claim with sufficient evidence of harassment, instead relying on the broad allegations in the complaint. The *Saltzman* court stated that the plaintiff had "failed to point to any specific circumstances surrounding these telephone calls that would show any intent, on the part of Defendant, to harass, annoy or abuse." *Id.* Here, as in *Saltzman*, Plaintiff "has not pointed to any evidence in the record regarding the amount, frequency, pattern, or content of Defendant's calls that would suggest anything other than a legitimate, albeit persistent, effort to reach" him.[3] *Id.* While the plaintiff in *Saltzman* received all of the collection calls at home and Plaintiff here received the collection calls at his workplace, this distinction is immaterial for summary judgment purposes. Here, Plaintiff claims to have received "several," or possibly more, calls over the course of four months.[4] Even assuming that Plaintiff received more than "several" calls over the four-

---

[3]As in this case, the plaintiff alleged in *Saltzman* that she requested the defendant to stop calling her, but did not send the defendant a cease and desist letter or, more importantly, "provide evidence that Defendant has acted in a manner that would be actionable as harassment, oppression or abuse." *Saltzman*, 2009 WL 3190359, * 7.

[4]Plaintiff has been inconsistent when asked to quantify the number of calls received during the period in question. In an affidavit, Plaintiff stated that he received the calls "almost every day." (Compl. Ex 1, at 21.) In a second affidavit, Plaintiff indicated that he received "several automated messages." (Pl.'s Res. to Def.'s Mot. (first) [Dkt #16], at Ex. 3.) As Defendant notes, "This Court . . . has held that self-serving affidavits, without support of the record, do not create a triable issue of fact and are insufficient to withstand a motion for summary judgment." (Def.'s Mot. Br. at 7 (citing *Mav of Mich., Inc. v. Am. Country Ins. Co.*, 289 F. Supp 2d 873, 875 n.3 (E.D. Mich. 2003).) Even if Plaintiff had submitted proof that he received calls almost every

month period in question, Plaintiff has not shown that he received anywhere near the volume or pattern of calls that would create an issue of material fact; there is no showing of any other facts beyond volume and pattern associated with the calls indicating an intent to harass. Thus, Plaintiff cannot show that Defendant's calls were intended to annoy, abuse, or harass, and Defendant is entitled to summary judgment on Plaintiff's claim under 15 U.S.C. § 1692d.

### B. State Law Claims (MCPA & MOC)

In addition to the FDCPA claims, Defendant moves for summary judgment of Plaintiff's state law claims under Michigan's Collection Practices Act, Mich. Comp. Laws §§ 445.252(a), (e), (f)(ii), (g), (n), and (q); and Michigan's Occupational Code, Mich. Comp. Laws §§ 339.915(a), (e), (f)(ii), (g), (n), and (q).

#### 1. MCPA, Mich. Comp. Laws §§ 445.252(a), (e), (f)(ii), (g), (n)

First, with respect to Plaintiff's claims under the MCPA, Defendant is entitled to summary judgment because, as a collection agency, it is not covered by the provisions of the MCPA as a matter of law. The MCPA prohibits actions by regulated persons and a regulated person is "a person whose collection activities are confined and are directly related to the operation of a business *other than that of a collection agency*." Mich. Comp. Laws § 445.251(g) (emphasis added). It is undisputed that Defendant is a collection agency and, therefore, it is not subject to the provisions of the MCPA. *See Wolfe v. GC Services Ltd. Partnership-Delaware*, No. 08-10628, 2009 WL 230637, *10

---

day, receiving one automated call per day, given the constellation (or absence) of other facts in this case, would not constitute sufficient proof to create a triable issue of harassment.

(E.D. Mich. Jan. 30, 2009) ("As such, defendant is a collection agency, rather than a regulated person, for purposes of the MCPA and it is not covered by the provisions of that statute."). Defendant's motion for summary judgment will be granted on Plaintiff's MCPA claims.

### 2. MOC, Mich. Comp. Laws §§ 339.915(a), (e), (f)(ii), (g), (n)

Defendant next asserts that it is entitled to summary judgment on Plaintiff's claims under the MOC. Defendant argues that, with the exception of § 339.915(q), Plaintiff's MOC claims mirror Plaintiff's claims under the FDCPA and fail for the same reasons Plaintiff's FDCPA claims fail. The court agrees.

As Defendant notes, the first five claims under the MOC, subsections (a), (e), (f)(ii), (g), and (n), have analogous provisions under the FDCPA. (Def.'s Mot. Br. at 9 (citing *Saltzman*, 2009 WL 3190359, at *9).) Like in *Saltzman*, the court has granted summary judgment in favor of Defendant on each of Plaintiff's analogous FDCPA claims. Thus, for the reasons stated in this order and the court's December 17, 2009 order, the court holds that Defendant is entitled to summary judgment on Plaintiff's parallel state-law claims as well.[5]

---

[5]Specifically, Defendant is entitled to summary judgment on Plaintiff's claims under Mich. Comp. Laws § 339.915(a), (f), and (g) for lack of standing because Plaintiff is not a "debtor" under the MOC; Defendant is entitled to summary judgment on Plaintiff's claim under § 339.915 (e), because Defendant's actions were not misleading as a matter of law inasmuch as Plaintiff knew the calls were not directed at him; and Defendant is entitled to summary judgment on Plaintiff's claim under § 339.915 (n) because Plaintiff has not produced sufficient evidence that Defendant used "harrassing, oppressive, or abusive method(s) to collect a debt."

### 3. MOC, Mich. Comp. Laws § 339.915(q)

Plaintiff's remaining claim under Mich Comp. Laws § 339.915(q) has no FDCPA counterpart that has been previously addressed by the court. Under this provision, failure "to implement a procedure designed to prevent a violation by an employee" subjects a defendant to liability. Mich Comp. Laws Ann. § 339.915(q). Defendant argues that summary judgment should be granted on Plaintiff's claim under § 339.915(q) because Plaintiff has not provided sufficient evidence of a deficient procedure under the MOC. The court, above, has rejected Defendant's argument for summary judgment on its affirmative defense of bona fide error because it is Defendant's burden to prove bona fide error under the FDCPA. However, it is Plaintiff's burden to prove a violation of the MOC. On summary judgment against Plaintiff's MOC claim, Defendant need only show "–that is, point[] out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton,* 369 F.3d at 909 (citing *Celotex*, 477 U.S. at 325). In response, Plaintiff has failed "to identify any specific defect in Defendant's procedures that might have caused or contributed to the alleged violation." *Millsap v. CCB Credit Services, Inc.*, No. 07-11915, slip op. at 25 (E.D.Mich. 2008). In *Millsap*, the court granted the defendant's motion for summary judgment and stated that "Plaintiff points to her various allegations of conduct that violated the FDCPA and its Michigan counterparts, and she surmises that Defendant's procedures must have been inadequate to prevent these alleged transgressions." *Id.* Similarly, Plaintiff here relies on the mere fact that the error occurred in concluding that Defendant has failed to implement the proper procedures. (Pl.'s Resp. Br. at 15-16). However, in response to Defendant's summary judgment motion, Plaintiff "must do

more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Here, Plaintiff has failed to provide sufficient evidence to create a jury question with respect to any allegedly deficient procedures implemented by Defendant. Accordingly, the court finds that summary judgment for the defendant is appropriate on this final state-law claim.

### IV. CONCLUSION

IT IS ORDERED that Defendant's "Second Motion for Summary Judgment" [Dkt. # 20] is GRANTED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 29, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2010, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522